STATE of Minnesota, Respondent,

v.

Michael ODEN, Appellant.

No. C5–85–1440.

Court of Appeals of Minnesota.

April 29, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert Alfton, Minneapolis City Atty., Larry L. Warren, Asst. City Atty., Minneapolis, for respondent.

William R. Kennedy, Hennepin Co. Public Defender, David Knutson, Gerard W. Snell, Asst. Public Defender, Minneapolis, for appellant.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

In this appeal the State filed no brief and we proceeded under Minn.R.Civ.App.P. 142.03. We also denied the State oral argument because of its failure to file a brief. *See* Minn.R.Civ.App.P. 128.02, subd. 2 and 134.01(b).

Appellant Michael Oden was convicted of assault in the fifth degree, Minn.Stat. § 609.224 (1984). Because of prejudicial errors by the prosecutor and the trial court involving inquiry about a prior crime and because of inadequate instructions, we reverse and remand for a new trial.

## FACTS

The assault for which appellant was convicted arose out of a fight involving several people. Appellant denied striking the victim and claimed he was just trying to aid the victim by pulling another attacker away.

## ISSUES

1. Did the trial court err in allowing the prosecutor to cross-examine appellant as to a prior crime when no conviction actually existed?

2. Did the trial court fail to adequately instruct the jury on intent or on the defense of authorized use of force?

## ANALYSIS

### I.

During trial a highway patrol officer advised the trial court that appellant had a conviction for giving false information to a police officer. The trial court had a clerk check appellant's driving record and gave the information to the prosecutor. The trial court then ruled the prosecutor could inquire about the incident for impeachment purposes.

In fact, the record showed that in 1982 appellant, while age 15, was arrested but not convicted for the offense. Minn.R. Evid. 609 provides:

(a) **General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, or

(2) involved dishonesty or false statement, regardless of the punishment.

\* \* \* \* \* \*

(d) **Juvenile Adjudications.** Evidence of juvenile adjudications is not admissible under this rule pursuant to statute.

In addition, Minn.Stat. § 169.94, subd. 2 (1984), prevents use of a traffic conviction less than a felony to impeach credibility.

The inquiry in this case was clearly improper.

This court has stated on a number of occasions that only convictions, not arrests or accusations, may be used to impeach a defendant's credibility. *State v. Michaelson*, 298 Minn. 524, 214 N.W.2d 356 (1973). Further, as this court made clear in *State v. Williams*, 297 Minn. 76, 210 N.W.2d 21 (1973), a prosecutor should inquire about specific prior crimes only when he can produce evidence, such as a certified copy of the judgment of conviction, to rebut the denial.

*State v. Pulkrabek*, 268 N.W.2d 561, 564 (Minn.1978).

■ The error in this case was aggravated because of the trial court's personal involvement in obtaining the information and in giving it to the prosecutor. The duty of a judge to be impartial during trial does not permit engaging in discovery for the prosecution. *See ABA Standards Relating to The Function of the Trial Judge*, § 1.5 (Approved Draft, 1972) which provides "[t]he trial judge should avoid impropriety and the appearance of impropriety in all his activities, and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

The trial judge, as the neutral factor in the interplay of our adversary system, is vested with the responsibility to ensure the integrity of all stages of the proceedings. This pervasive responsibility includes avoidance of both the reality and the appearance of any impropriety by so directing and guiding the proceedings as to afford the jury fair and independent opportunity to reach an impartial result on the issue of guilt.

*State v. Mims*, 306 Minn. 159, 168, 235 N.W.2d 381, 387 (1975).

■ The evidence against appellant was not overwhelming and hinged on the credibility of the witnesses. Intimating to the jury that appellant had a conviction for lying to a police officer was prejudicial error. In addition, it was impossible for the jury to determine appellant's guilt fairly because the jury instructions were inadequate.

## II.

■ Appellant was charged with assault in the fifth degree for intentionally inflicting bodily harm. The trial court is obligated to clearly instruct the jurors on exactly what they must decide. *State v. Johnson*, 374 N.W.2d 285 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Nov. 11, 1985).

■ Here, the trial court failed to instruct the jury on the meaning of intent as defined in Minn.Stat. § 609.02, subd. 9(3), (4) (1984). *See Johnson*, 374 N.W.2d at 289 (reversing conviction for trial court's failure to instruct on specific intent).

In addition, the trial court failed to instruct the jury on Minn.Stat. § 609.06 (1984), the section authorizing force in certain circumstances. Under this section

[r]easonable force may be used upon or toward the person of another without his consent when the following circumstances exist or the actor reasonably believes them to exist:

\* \* \* \* \* \*

(3) When used by any person in resisting or aiding another to resist an offense against the person; or

(4) When used by any person in lawful possession of real or personal property, or by another assisting him, in resisting a trespass upon or other unlawful interference with such property; \* \* \*.

Failing to instruct the jury on these areas of law was prejudicial error.

## DECISION

The trial court abused its discretion when it assisted the prosecutor by obtaining appellant's traffic record and permitting its use for impeachment. The prosecutor committed prejudicial error when he inquired about a prior crime for which appellant had not been convicted. This error, combined with the trial court's inadequate instructions on intent and on authorized use of force, mandates reversal and requires a new trial.

Reversed and remanded for new trial.