Jeffrey Michael KRIER,
Petitioner, Respondent,

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C5–86–136.

Court of Appeals of Minnesota.

Aug. 12, 1986.

Stephen R. O'Brien, Minneapolis, for petitioner, respondent.

Hubert H. Humphrey, III, Atty. Gen., and Lawrence M. Schultz, Spec. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

Jeffrey Krier's driving privileges were revoked for refusing testing under the implied consent law, and he petitioned for judicial review. After a hearing, the trial court rescinded the revocation, finding that the Commissioner did not present any evidence concerning the initial stop of Krier's vehicle by the arresting officer. The Commissioner appeals. We reverse.

## FACTS.

Respondent Jeffrey Michael Krier was stopped at approximately 1:15 a.m. on September 29, 1985, by Officer Richard Anderson and was arrested for driving while under the influence. Anderson took Krier to the Golden Valley Police Department for testing. Krier failed to provide an adequate breath sample, and his license was revoked for refusal.

Krier petitioned for judicial review, challenging the revocation. At the hearing, the Commissioner questioned whether the lawfulness of the stop was before the court. The court took the matter under advisement and informed the parties it would rule after it heard all the evidence.

During direct examination, Officer Anderson testified that he stopped Krier, but did not describe the basis for the stop. Testimony was then taken as to other details of the arrest and the test. Krier's attorney cross-examined the officer regarding the circumstances of the test and as to whether the officer had a preliminary breath-testing instrument with him that evening. The Commissioner asked a question on redirect examination and then stated, "No further questions."

The court asked counsel to approach the bench, and an unreported discussion occurred in which the court apparently reminded the parties it had not ruled on the stop issue. The Commissioner then asked the officer why he stopped Krier's vehicle. Krier objected on the grounds that the question was outside the scope of rebuttal. The court took the objection under advise-

ment but allowed the officer to answer. The officer testified that the basis for the stop was Krier's failure to stop for a red semaphore. After taking additional testimony on other matters, the trial court heard closing arguments and took the matter under advisement.

The trial court ultimately determined that Krier had properly raised the issue of whether the officer had a sufficient basis for the investigatory stop. It made a finding of fact that the Commissioner presented no evidence concerning Officer Anderson's initial stop of Krier's vehicle and rescinded the revocation. The Commissioner appeals.

### ISSUES

1. Did the trial court clearly err in determining that there was no evidence presented as to the basis for the stop?

2. Did the trial court incorrectly determine that the police officer had an insufficient basis to stop Krier's vehicle?

### DISCUSSION

#### I

 The Commissioner argues that the trial court clearly erred when it determined that no evidence was presented as to the basis for the stop. *Kadrlik v. Commissioner of Public Safety,* 388 N.W.2d 8 (Minn.Ct.App.1986). We agree, because the officer testified without contradiction that he stopped Krier's vehicle for failure to stop at a red semaphore.

#### II

Krier's failure to stop for a red semaphore provided a sufficient basis for a stop. *Berge v. Commissioner of Public Safety,* 374 N.W.2d 730, 732 (Minn.1985). The trial court either overlooked this testimony or implicitly sustained Krier's objection to the Commissioner's question to the officer as to the basis for the stop. Because we believe the trial court erred in either case, we will address the issue.

If the trial court overlooked the testimony, it erred, because the officer's undisputed testimony provided a sufficient basis for a stop. *Berge.*

If the trial court sustained the objection, it abused its discretion. The trial court should have ruled on the issue of the stop when the question arose; had it done so, the Commissioner would have known what evidence he had to present, and this issue would not have arisen. The trial court should not have sustained the objection, assuming that is what it did, when the situation was caused by its failure to make a prompt ruling.

Krier objects to the trial court's reminder to the Commissioner that there was no ruling yet on the stop issue, prompting the Commissioner to question the officer as to the basis for the stop. Krier likens the situation to *State v. Oden,* 385 N.W.2d 420 (Minn.Ct.App.1986). We see no similarities. In this case the hearing was before the court, not a jury, and the trial court did not engage in discovery. It merely acted to ensure a fair hearing, which is commendable.

We feel constrained to note that, under the circumstances which arose in this hearing, we believe that prudent counsel for the Commissioner could have adopted a pragmatic approach and asked the officer, who was testifying in any event, to describe the basis for his stop. Doing so would have avoided the necessity for this appeal.

### DECISION

The trial court's rescission of the revocation is reversed.

Reversed.